## MIMS v OSCEOLA REALTY, INC.

Case No. 90-1901-CA (Lower Court Case No. 90-436-SP)

Fifth Judicial Circuit, Marion County

October 16, 1990

### APPEARANCES OF COUNSEL

**Joseph E. Warren, Esquire,** for appellant.

**Mark D. Shelnutt, Esquire,** for appellee.

Before McNEAL, HILL, SPRINGSTEAD, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant, Donald Mims, complained on appeal that the trial court erred by not delaying the start of his non-jury trial to allow his attorney to attend and by not granting a motion for continuance made during trial. Appellant did not furnish a record of these proceedings on appeal. The decisions of the trial court are affirmed.

Appellant's attorney was late for the trial in county court. According to his appellate arguments this resulted from congested traffic on I-10 which was under construction. Ironically, appellant's attorney was 1 hour and 20 minutes late for oral argument because of a flat tire. Clearly, the trial court was under no obligation to delay the trial on the assumption an attorney would attend where the attorney had not filed a notice of appearance and where the attorney did not call to advise he had been delayed.

During the non-jury trial appellant moved to continue because an essential witness was not present. Appellant's attorney represented to the court that he had tried to subpoena the witness, but the subpoena was returned unserved. The court file does not reflect any evidence of the attempted service. Appellant's attorney could produce no evidence from his own file for the appellate court.

Appellant argued on appeal that the witness was essential to his defense because the witness had loaned appellant $16,000 and was holding a quit claim deed as security. However, when questioned by the appellate court, appellant's attorney produced a warranty deed with documentary stamps showing a purchase price of $22,500, the amount of the listing agreement and the amount on which the trial court awarded the real estate commission.

The apparent misrepresentations by appellant's attorney invites many comments, but we just affirm the decisions of the trial court and remand the case for assessment of attorney's fees against the appellant.

AFFIRMED AND REMANDED.

McNEAL, R., HILL, M., and SPRINGSTEAD, J., concur.